UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JUDITH M. MASSA                              CIVIL ACTION

VERSUS                                       NUMBER: 07-0465

MICHAEL J. ASTRUE,                           SECTION: "K"(5)
COMMISSIONER OF SOCIAL SECURITY
ADMINISTRATION

### REPORT AND RECOMMENDATION

On January 23, 2007, Judith M. Massa, plaintiff herein, through counsel, filed the above-captioned lawsuit seeking judicial review of an adverse decision of the Commissioner of the Social Security Administration denying her application for benefits under the Social Security Act. (Rec. doc. 1). After issue was joined, on May 24, 2007, the Court issued a briefing order requiring that the plaintiff file her cross-motion for summary judgment no later than July 20, 2007 and that defendant file his cross-motion for summary judgment by August 20, 2007. (Rec. doc. 7). When plaintiff failed to file her motion for summary judgment as directed, the Court ordered her to show cause, in writing and on or before August 29, 2007, as to why her lawsuit should not be dismissed. (Rec. doc. 10). As of today's date, no response to the show cause order has been submitted and no motion for summary

judgment has been filed on plaintiff's behalf.

Pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, an action may be dismissed based on the failure of plaintiff to prosecute her case or to comply with an order of the court. <u>Lopez v. Aransas County Independent School District</u>, 570 F.2d 541 (5th Cir. 1978). In applying the sanction of dismissal, courts have traditionally considered the extent to which the plaintiff, rather than her counsel, is responsible for the delay or the failure to comply with the court's order. <u>Silas v. Sears, Roebuck & Co.</u>, 586 F.2d 382, 385 (5th Cir. 1978); <u>Ramsay v. Bailey</u>, 531 F.2d 706 (5th Cir. 1976).

The Court has attempted to take those steps necessary to insure that plaintiff's lawsuit was litigated to its completion. Plaintiff's failure to file her cross-motion for summary judgment as ordered by the Court and her failure to respond to the show cause order evidence a disinterest in prosecuting this case and a disregard for the Court's orders. As plaintiff is represented by counsel, these failures are attributable to counsel alone. Accordingly, it will be recommended that plaintiff's suit be dismissed without prejudice for failure to prosecute.

**RECOMMENDATION**

For the foregoing reasons, it is recommended that plaintiff's suit be dismissed without prejudice for failure to prosecute pursuant to Rule 41(b), Fed.R.Civ.P.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Services Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

New Orleans, Louisiana, this  24th  day of  September , 2007.

                                                              _____
                                                              UNITED STATES MAGISTRATE JUDGE